By the Court.
Woodruff, J.
—The order appealed from restrains the judgment debtors to the full extent prayed for in the complaint. It also restrains the other defendants, their assignees against any disposition of the property as prayed for, leaving them at liberty to collect and receive the property and hold it subject to the order of the Court. Practically they are by this order made special receivers of the property to abide the further order *611 which the Court may make; and save only that they have not been required to give security for their fidelity, the plaintiff has obtained the protection, pending the suit, which he would have, had such special receiver been appointed.
The assigned goods having been disposed of before this action was commenced, the most of the claims which are collectable having been collected, and all of the proceeds except about eight hundred dollars, having been paid over to the creditors, there remained when the suit was brought, outstanding claims only to be collected, and it is obvious that if the defendants the assignees were to be wholly restrained from interfering therewith, a receiver would have been necessary to collect outstanding debts, prevent further losses and so secure all that is possible for the benefit of those who are interested in the fund, including the plaintiff, should he ultimately establish the invalidity of the assignment.
The question therefore which is alone presented for our consideration on this appeal, is whether the plaintiff has made such a case that the assignees of the judgment debtors ought not to be permitted, pendente lite, to receive and collect the assigned property and hold it subject to the future orders or decree in this cause.
And we can hardly restrain the expression of our surprise that the plaintiff should be found appealing from the order, when unless the truth is other than the proofs before us would lead us to believe, he has reason to congratulate himself that upon those proofs he has obtained so favorable an order. Neither he nor the judgment creditors have, we think, any just ground for dissatisfaction with that order. It would have occasioned us less surprise had the defendants appealed.
The observation " is so obviously just as hardly to need repetition that an injunction pendente lite ought not to be granted at all in cases of doubt, unless there is reason to believe, that during the necessary delay which must occur before the cause is brought to trial, the plaintiff may sustain injury which the court will be unable fully to redress, or which will prevent the full relief which the plaintiff seeks by his action.
Here the proof we think is ample that the assignees have taken possession of the assigned property, and by their own answer and affidavits have charged themselves fully with *612 accountability therefor. They are by the order appealed from, only permitted to go on collecting and receiving whatever is outstanding not yet in their actual keeping.
The plaintiff, on behalf of the judgment creditors who procured his appointment, is pursuing them for the satisfaction of a mere money demand, which as he claims, must if he succeeds in this action be first paid out of the fund. The collection of the judgment is the end and object of this suit, and so far as that is to be accomplished by a decree against the assignees, it may require the application of the estate assigned to them, so far as not already properly administered, to the payment of that debt, and that is all.
There is no charge nor intimation in any of the papers before us, that these assignees are not perfectly solvent and of responsibility sufficient to answer for their safe keeping and proper accounting for any funds they now hold or may hereafter receive, and for what they have already paid out to creditors, no injunction which we could grant against them would furnish any additional security.
Under such circumstances, we have no hesitation in saying that, unless there are before us proofs of fraud or misconduct on the part of these assignees, which make it very clearly unsafe to permit them to continue to collect what may be collectable of the assigned estate, the order appealed from is quite as favorable to the plaintiff as he can reasonably ask.
Without recapitulating the proofs in detail, we think the plaintiff has failed to show any such fraud or misconduct on the part of the assignees. The balance of evidence is, we think, very clearly, that they took immediate possession of the assigned property; took a full and true account thereof; proceeded with diligence to the collection of the debts and claims due to their assignors; sold the assigned goods in the exercise of an honest discretion in respect to the time and manner of sale, which was approved of by the creditors generally. That they have acted openly and frankly with the creditors of the estate; convening them; submitting the accounts and affairs of the debtors to their examination, and seeking their advice and counsel respecting the best management of their trust. The circumstances alleged against them indicating that the assignors were contin *613 Tied in possession, and the charge that they refused to permit the plaintiff in the judgment before referred to, to examine the books and accounts, seem to us explained in entire consistency with the good faith and fairness of the transactions in question, and with their integrity and fidelity to their trust. The allegation that the assignment purports to secure fictitious debts is fully met, and in the present state of the proofs overcome; and there appears no reason to believe that if such debts were fictitious, the assignees consented or were privy to any such fraud. And so, as we think, all other particulars which the plaintiff on his part relied upon as impeaching the assignees, are either explained or disproved.
How all these matters may be made to appear on the future trial of this action, we of course do not know, and will not now anticipate. We are, for the purposes of this appeal, to be governed by the papers before us. And the view of the proofs above stated, alone disposes, we think, of the appeal from the order. A case of fraud, misconduct, or unfitness to have the temporary custody of the fund, showing danger that the plaintiff will be defeated in obtaining the relief he seeks, is not made out; and if not, then it is proper to permit the assignees to go on and collect whatever may be collected, for the benefit of whomsoever may be adjudged entitled to it.
This view of our duty to affirm the order appealed from might admit of qualification if it was clear that the alleged title of these assignees to the assigned estate was void, and that neither under the written assignment nor by reason of what was done after that was executed they could lawfully hold the property as against this plaintiff.
The argument of the counsel for the appellant was mainly addressed to the validity of that title, and yet we apprehend that he would hardly claim that that title is, without doubt, void.
The assignment begins with a declared intent to transfer the whole of the property of the assignors. It closes with an agreement by the assignees that they will with all proper diligence cause a full and correct inventory of the assigned estate to be thereto annexed. That assigned estate is described as all and singular the property, ¿sc., of the assignors (except such as is not liable to execution). And it is not clear, we think, that the *614 words which recite that the same are enumerated in a schedule already annexed may not be regarded as mere surplusage, and when read in connection with the agreement to make and annex such inventory, as unmeaning, and plainly not expressing the actual intent and meaning of the instrument as it was when the parties signed it. The whole instrument together indicates that reference was made to a schedule not then annexed but to be annexed, as was in the subsequent clause covenanted. We cannot say, unqualifiedly, that the omission of the words “ to be ” was a clerical error, but the indication is strong that they used the words “schedule thereof hereto annexed” in the sense of “ schedule thereof hereto to be annexed,” and provided for the making of the inventory in order to secure that result.
Again, long before the judgment was recovered by the creditors for whose benefit this action is prosecuted, the assignees had taken possession, the inventory was made and delivered, and if the assignment could not, for the want of such schedule, operate when it was executed, it is not clear but that, when the inventory was in fact taken, embracing all the assignor’s property, and taken with the concurrence of both assignors and assignees, the whole instrument and the possession so taken would operate from that time as fully, to all intents, as if the inventory had been taken before the signing, and so the assignment be treated as redelivered, entirely cured of the imperfection which the plaintiff claims made it originally invalid.
We think it wholly unnecessary, in the view we have already taken of the case, to express any decided opinion of the question pressed upon our attention. It may, properly, be fully considered when the case comes to be tried upon all the merits. We make the suggestions above noted, and we further refer to the opinion of the Court, at Special Term, for the purpose of saying that the plaintiff’s claim to set aside this assignment is not clear, but is subject to serious doubt,—doubt which, we think, is not dispelled by an examination of the authorities to which we are referred. The observations which we have made in respect to the plaintiff’s failure to show fraud, misconduct or unfitness in these assignees, creating reasonable apprehension of danger to the fund if they be permitted to go on, pendente lite, and collect the debts, &c., assigned, therefore', recur in their full force.
*615 The conclusion is inevitable. The order must be affirmed, with ten dollars costs to the respondent, to abide the event of the final disposition of costs in the cause.
Ordered accordingly.